# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

LESTER LESHON CORLEY,     )
     )
    Petitioner,     )
     )
v.     )    Case No.  CV608-029
     )
BRUCE PEARSON, Warden; and     )
THURBERT BAKER, Attorney     )
General of the State of Georgia;     )
     )
    Respondents.     )

## REPORT AND RECOMMENDATION

Lester Leshon Corley, currently serving a federal prison sentence imposed by this Court on May 27, 2005,[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking a judgment of conviction entered by the Superior Court of Emanuel County on January 8, 2001. (Docs. 1, 5.) Respondents have filed a motion to dismiss his petition as untimely. (Doc. 11.) For the following reasons, their motion should be **GRANTED** and this case should be **DISMISSED**.

---

[1] After pleading guilty in this Court to a single count of distribution of five grams or more of cocaine base, Corley was sentenced to 151 months' imprisonment. United States v. Corley, CR604-024 (S.D. Ga. May 27, 2005).

On January 8, 2001, Corley pled guilty in the Superior Court of Emanuel County to a single count of possession of cocaine. He was sentenced to five years' probation. (Doc. 12, Resp't Ex. 1b, Final Disposition.) Corley did not appeal his state court conviction and filed his first state habeas petition attacking that conviction on December 6, 2005.[2] (Doc. 12, Resp't Ex. 2a, Application for Writ of Habeas Corpus.) Corley filed the present federal habeas petition on April 22, 2008. (Doc. 1.)

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion

---

[2] The Emanuel County Superior Court denied relief on that petition on January 24, 2006. (Resp't Ex. 2c.) The Supreme Court of Georgia granted Corley's application for certificate of probable cause to appeal the denial of state habeas relief and remanded the case on November 20, 2006. (Resp't Ex. 2g at 1.) On March 28, 2007, the state habeas court again denied habeas relief. (Id. at 3.) The Supreme Court of Georgia once again granted Corley's certificate of probable cause to appeal and remanded the case back to the Emanuel County Superior Court. (Doc. 11 at 5.) On January 8, 2008, the Emanuel County Superior Court once again denied habeas relief. (Resp't Ex. 2h at 3.) The Georgia Supreme Court denied Corley's application for certificate of probable cause to appeal on March 31, 2008. (Doc. 11 at 5.)

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

Because Corley did not appeal his state court conviction, his conviction became final on February 7, 2001, thirty days after its entry. See O.C.G.A. § 5-6-38(a) ("[a] notice of appeal shall be filed within 30 days after the entry of the appealable decision or judgment complained of"). Accordingly, he had until February 7, 2002, one year from the date his conviction became final, in which to file for federal habeas relief. Since his efforts to obtain state collateral review all occurred after the statute of limitations had expired, none of those efforts toll the limitations period. Accordingly, his petition is time-barred.

Corley, however, argues that he is entitled to equitable tolling "in that he filed his habeas petition in the State Court on December 06,

3

2005, some five months after he was sentenced in federal court on May 29, 2005." (Doc. 13 at 1-2.) This argument is without merit. The AEDPA period of limitation may be subject to equitable tolling only in cases "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Downs v. McNeil, 520 F.3d 1311, 1319 (11th Cir. 2008) (citing Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)). In other words, the petitioner, who bears the burden of establishing equitable tolling, must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Johnson v. Fla. Dep't of Corrs., 513 F.3d 1328, 1333 (11th Cir. 2008) (citing Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007)). Corley did not diligently pursue his rights, and he does not allege that any "extraordinary circumstance" prevented him from filing a timely challenge to his 2001 conviction.

Rather, relying on the Supreme Court's decision in Daniels v. United States, 532 U.S. 374 (2001), he asserts that because his federal sentence was enhanced based on his state court conviction, his present petition is timely as he has been diligently attacking his state court

conviction in state habeas proceedings ever since he was sentenced in federal court. (Doc. 13 at 2-3.) Although Corley reads <u>Daniels</u> as permitting a petitioner to use "any" method of direct or collateral review to challenge prior convictions once they are used to enhance a federal sentence, he overlooks an important aspect of the <u>Daniels</u> decision. In <u>Daniels</u>, the Supreme Court noted that "[a]fter an enhanced federal sentence has been imposed . . . , the person sentenced may pursue any channels of direct or collateral review *still available* to challenge his prior conviction." 532 U.S. at 382 (emphasis added). The Supreme Court noted that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then the defendant is without recourse." <u>Id.</u>; see <u>Neyor v. I.N.S.</u>, 155 F. Supp. 2d 127, 133 (D.N.J. 2001). Because Corley is time-barred from attacking his predicate state court conviction, there are no channels of review "still available" to him to challenge that conviction. Accordingly, Corley does

not qualify for equitable tolling and cannot now challenge his state court conviction even though it was used to enhance his federal sentence.[3]

For the foregoing reasons, respondents' motion to dismiss should be **GRANTED** and this case **DISMISSED**. All pending motions should be **DISMISSED** as moot.

**SO REPORTED AND RECOMMENDED** this ___6th___ day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Corley also asserts that "his petition may be read as a challenge to his present federal sentence . . . [a]s his present federal sentence is enhanced by the allegedly invalid 2001 conviction." (Doc. 13 at 3.) This is not so. Section 2254 permits federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment of a State court* . . . ." 28 U.S.C. § 2254(a). A petitioner cannot use § 2254 to challenge his federal conviction or sentence. If petitioner wishes to challenge his federal conviction or sentence, he may file a motion pursuant to 28 U.S.C. § 2255. However, a challenge to his federal sentence based on the allegation that it should not have been enhanced by his state court conviction would likely be futile, as he did not timely challenge the state court conviction. See Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005).